UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-452-DLB

JOHNNIE WIDNER,                                                                                       PLAINTIFF,

V.        **MEMORANDUM OPINION
           AND ORDER**

GARY W. CORNETT,                                                                                     DEFENDANT.

      Plaintiff, Johnnie Widner, an individual currently incarcerated at the Letcher County Jail, previously filed herein a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Record No. 1.) Currently before the court is Plaintiff's "Motion Order for the Defendant to Deliver This Plaintiff to A Law Library for Leagle Research Two Times A Week" [Record No. 38], to which Defendant has filed a Response. [Record No. 41.] Now ripe for decision, Plaintiff's said motion shall be denied.

      In his hand-written motion, Plaintiff notes that the Court previously warned him [Record No. 36] that if he fails to respond appropriately to Defendant's Motion for Summary Judgment [Record No. 35], the Court may grant the motion. [Record No. 38.] Plaintiff points out that the Letcher County Jail has no law library and therefore, Plaintiff requests that the Court order Defendant to transport Plaintiff to a law library for necessary legal

1

research, at least twice per week, so that. Plaintiff may research the matters raised by Defendant's summary judgment motion. Id

In response, Defendant states that he is unaware of any request made by Plaintiff to conduct any legal research prior to the filing of his motion. [Record No. 41, p. 1.] Defendant further states that his counsel "has spoken with the Deputy Jailer and learned that the jail personnel are willing to make every attempt possible to get any materials which [Plaintiff] requests." [Id.] Defendant's response further states:

> Counsel for defendants contacted personnel in the office of Circuit Judge, Hon. Sam Wright. Counsel spoke with a woman in that office who advised that Judge Wright does have a law library, but prisoners are not allowed access to the library. ...Counsel requests guidance from this Court as to what action, if any, Gary Cornett and the Letcher County Fiscal Court should take in order to provide Mr. Widner with any necessary access.

[Id. at 2, 3.] Defendant's request for guidance from the Court cannot be honored and whether to provide Plaintiff with whatever legal materials he wants is a question Defendant will have to answer without legal advice from the Court.

Prisoners have a fundamental right of access to the courts under the First Amendment. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996). In Lewis, the United States Supreme Court instructed that Bounds did not create an abstract, free standing right to a law library or legal assistance, but, rather, the right that Bounds acknowledged was the right of access to the courts. Thus, the Court indicated, to establish a Bounds violation, the "actual injury" that an inmate must demonstrate is that the alleged shortcomings in the prison library or legal

2

assistance program have hindered, or are currently hindering, the inmate's efforts to pursue a nonfrivolous legal claim. This requirement derives ultimately from the doctrine of standing, the Court declared, and, although Bounds made no mention of an actual injury requirement, "it can hardly be thought to have eliminated that constitutional prerequisite." Id. at 347.  As Justice Scalia commented:

> In other words, Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355.  Accordingly, on a claim of denial of access to the courts, plaintiff must establish that he suffered an actual injury as a result of the alleged denial. Lewis, 518 U.S. at 349. See also Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir.1999). An "actual injury" does not occur "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." Root v. Towers, 238 F.3d 423 (6th Cir.2000)(unpublished), 2000 WL 1888734, ----1, citing Lewis, 518 U.S. at 354-56; Pilgrim, 92 F.3d at 416.

Thus, an inmate who claims that his access to the courts was denied must show that he was actually impeded in an existing or contemplated non-frivolous legal proceeding. Lewis, 518 U.S. at 351-53; Hadix, 182 F.3d at 406.  In Pilgrim, the Sixth Circuit stated that in light of Lewis, "[i]n order to state a claim for denial of meaningful access to the courts ...

3

plaintiffs must plead and prove prejudice stemming from the asserted violation." Pilgrim, 92 F.3d at 416. Therefore, in the Sixth Circuit, Plaintiff must show an actual injury to his ability to litigate this case before this Court can find that he has, in fact, been denied his First Amendment right of access to the courts. Mikko v. Davis, 342 F.Supp.2d 643, 648 (E.D. Mich. 2004).

The right of access to the courts prohibits prison officials from "actively interfering with inmates' attempts to prepare legal documents, or file them." Lewis, 518 U.S. at 350 Prison officials have the right to regulate the time, manner, and place in which law library facilities are used. Hossman v. Spradlin, 812 F.2d 1019, 1021 (7th Cir.1987). Accordingly, as long as meaningful access is not denied, prison officials may impose inconvenient or highly restrictive limitations on access if such limitations are justified by prison security. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).

In this case, it is clear from Defendant's response to Plaintiff's motion that Plaintiff has not made any effort to obtain whatever legal materials he may want and thus, the required showing of harm to Plaintiff's right of access to the courts has not been made. If whatever procedures Defendant chooses to adopt in regard to furnishing legal materials to Plaintiff cause some delay in Plaintiff's ability to respond to Defendant's motion for summary judgment, the Court will entertain any reasonable motion from Plaintiff for an extension of time to file his response. The Court will not, however, advise Defendant on how to run the Letcher County Jail, including legal advice as to Defendant's responsibilities

under Bounds, Lewis and later decisions. While inmates are constitutionally entitled to adequate, effective and meaningful access to the courts, which may include access to legal materials, a constitutional violation does not arise from the mere denial of such legal materials or even a denial of legal assistance unless the denial results in an actual denial of access to the court. See Walker, 771 F.2d at 932.

In this case, Plaintiff has not shown that he has been denied any legal materials he wishes to have, much less has he shown that any such denial has harmed his ability to access this court. In fact, it is noted that Plaintiff has filed a Response [Record No. 40] to Defendant's motion for summary judgment, with a copy of a letter dated June 20, 2005, from the Mountain Comprehensive Health Corporation, Whitesburg Medical/Dental Clinic, and an affidavit of Plaintiff attached to that Response. [Id.]  Thus, it is clear that Plaintiff has been able to access this court in regard to this lawsuit.

Accordingly, Plaintiff's motion [Record No. 38] to require Defendant to deliver him to a law library twice a week shall be denied. In the interest of justice, however, Plaintiff shall be granted thirty (30) days to file any supplemental response to Defendant's motion for summary judgment. [Record No. 35.] If Plaintiff requires more time, any reasonable request shall be granted.  The Court is not interested in citations to case law in that supplemental response – the Court will do its own research of the applicable law.  Rather, as stated in a prior order:

> Plaintiff is hereby placed on notice that the Court is authorized to dismiss this
> case on Defendant's motion for summary judgment if there is no genuine issue

5

> of material fact, and Defendant is entitled to judgment in his favor as a matter of law. The purpose of a summary judgment motion is to dispose of a case without trial if there are no genuine issues of material <u>fact</u>; and a failure of Plaintiff to submit any <u>affidavits or other proof</u> in support of Plaintiff's claims herein is the equivalent of not presenting any evidence at trial. Therefore, a failure to adequately respond to Defendants' construed motion for summary judgment may result in the granting of said motion.

[Record No. 36, Order Dated June 20, 2005, pp. 1-2, emphasis added.] The Court being otherwise sufficiently advised.

IT IS ORDERED HEREIN AS FOLLOWS:

(1) Plaintiff's "Motion Order for the Defendant to Deliver This Plaintiff to A Law Library for Leagle Research Two Times A Week" [Record No. 38] is hereby DENIED.

(2) Plaintiff is granted thirty (30) days from the date of entry of this Order in which to file any supplemental response to Defendant's motion for summary judgment. [Record No. 35].

(3) Defendant is granted fifteen (15) days from the date of service thereof in which to file a reply to any supplemental response of Plaintiff to Defendant's said motion.

(4) Upon the filing of such supplemental response and reply as permitted above, or the expiration of the parties' time for doing so, the Clerk of Court shall forward the record in this matter to the undersigned for further consideration.

Signed July 20, 2005.



Signed By:
<u>Peggy E. Patterson</u> PEP
United States Magistrate Judge

Date of Entry and Service: